Lester Lazarus, J.
This is a holdover proceeding wherein the landlord seeks possession of the demised premises now occupied by the tenant, pursuant to subdivision (ccc) of section 8 of the Business Rent Law, as amended (L. 1945, ch. 314, as amd. by L. 1957, ch. 452, § 2), in that the landlord seeks in good faith to recover possession of said premises for the immediate purpose of demolishing the building with the intention of creating and constructing a parking lot for motor vehicles, and the assessed value of the improvements on said premises is less than 60% of the assessed value of the land and improvements thereon, the assessed value of said improvements being $65,000 and the assessed value of the said land and improvements being $260,000.
Upon the trial the landlord established that it intended to demolish the aforesaid building, and to create and construct a parking lot for motor vehicles, and proved the essential allegations of its petition. The tenant, in resisting the landlord’s application, relies upon the zoning regulation of the City of New York, as amended.
An examination of the amended Use District Map, section No. 8, of the City Planning Commission of the City of New York, covering the premises involved herein, which is located on the south side of West 57th Street east of Seventh Avenue, together with the Zoning Resolution of the City of New York, issued by the City Planning Commission, indicates that the premises are identified as a“ restricted retail district. ’ ’
Section 4-B of article II of the Zoning Resolution of the City of New York, as amended to April 29, 1954, prohibits the use of a building or premises in a restricted retail district for the purpose of “ (i) Storage or parking of more than five motor vehicles, including storage or parking on contiguous lots for a less number which in the aggregate accommodate more than five motor vehicles in the same ownership, management or con *337 trol, except a garage or parking facility approved pursuant to Section 21-F hereof.”
It is conceded by the landlord that the use of the premises as a parking lot is contrary to the Zoning Eesolution. Although the landlord contends that an application for a variance of the Zoning Eesolution has been made to the proper authority, there is no assurance that the variance will be granted or if granted, when it will become effective.
The act creating the various provisions of the Business Eent Law, recognizing the emergency now existing, was promulgated for the purpose of protecting the interests of tenants and small business, and in interpreting the law we must consider the spirit and purpose behind the legislation.
Should a final order be granted as of this time, the landlord could not achieve the purpose for which it seeks the eviction of the tenant, in that it would be illegal for it to create and construct a parking lot for motor vehicles, and the tenant would be ousted from possession. True, the tenant may have his remedy in an action for damages, as provided for under subdivision (ccc) of section 8 if the landlord shall fail to start demolition of the improvement within 90 days after the removal of the tenant, or after having commenced demolition, shall fail or neglect to prosecute the work with reasonable diligence. The landlord, unless for good cause shown, would be liable to the tenant for all damages sustained on account of such removal.
As it now appears, the landlord cannot use the premises for the desired purpose, and it seems to me that the court, in determining whether the landlord intends in good faith to construct a parking lot, should also consider the landlord’s present inability to effectuate the desired result.
The practical procedure should be a deferment of the within holdover proceeding until such time as the landlord obtains a variance of the Zoning Eesolution, at which time it could institute a proceeding similar to the one herein contained.
The petition is dismissed without prejudice, and final order-granted for the tenant.